WO          IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


ALLSTATE FIRE AND CASUALTY )
INSURANCE COMPANY, )
                                                              )
                                              Plaintiff,      )
                                                              )
        vs.                                                   )
                                                              )
BOBBIE T. FERNSIDE; LYFT, INC., and )
THE TRAVELERS INDEMNITY )
COMPANY, )
                                                              )    No. 3:22-cv-0198-HRH
                                          Defendants.         )
_____ )


O R D E R

Defendants' Motion to Dismiss;
Plaintiff's Motion to Amend

Defendants Lyft, Inc. and The Travelers Indemnity Company move to dismiss

plaintiff's complaint.[1]  Plaintiff Allstate Fire and Casualty Insurance Company opposes the

motion to dismiss[2] and also moves to amend its complaint.[3]  The motion to amend is partially

opposed by defendants.[4]  Oral argument was not requested on either pending motion and is

not deemed necessary.

_____

[1]Docket No. 12.

[2]Docket No. 17.

[3]Docket No. 27.

[4]Docket No. 30.

-1-

Background

Plaintiff alleges that defendant Bobbie T. Fernside "was involved in a hit and run accident" on July 17, 2021.[5]  Plaintiff alleges that "[a]t the time of the [a]ccident, Fernside was insured by Allstate under Policy No. 807528305."[6]  Plaintiff further alleges that "at the time of the accident, Fernside was operating his vehicle as a driver for Lyft" and that he "was logged into the Lyft network and had accepted a passenger assignment from Lyft."[7]  Plaintiff alleges that "[b]ased on Lyft's website ..., when a Lyft driver is picking up a passenger, Lyft provides 'Uninsured/underinsured motorist bodily injury and/or first-party coverage' and 'Contingent comprehensive & collision up to the actual cash value of the car ($2,500 deductible).'"[8]

Plaintiff commenced this declaratory judgment action on September 8, 2022.  In its complaint, plaintiff asserts three claims for declaratory relief.  In its first claim, plaintiff seeks a declaration that it "has no duty to provide coverage to Fernside for uninsured motorist coverage because his injuries and damages did not occur during a 'standby period.'"[9]  In the alternative, plaintiff seeks a declaration that "if Fernside's injuries and damages occurred

---

[5]Allstate's Complaint for Declaratory Relief at 3, ¶ 8, Docket No. 1.

[6]Id. at 3, ¶ 9.

[7]Id. at 3, ¶¶ 10-11.

[8]Id. at 3, ¶ 12.

[9]Id. at 8, ¶ 21.

-2-

during a 'stand by' period,' Allstate's duty is only to provide coverage which is secondary

and excess to Lyft's coverage."[10]  In its second claim, plaintiff seeks a declaration that it "has

no duty [to] provide coverage to Fernside for automobile medical payments coverage."[11]  In

its third claim, plaintiff seeks a declaration that "Lyft and/or its insurer has a duty to provide

sole and complete coverage to Fernside for uninsured motorist benefits and automobile

medical payments coverage."[12]

Defendants Lyft, Inc. and The Travelers Indemnity Company[13] now move to dismiss

plaintiff's claims against them.  Plaintiff, in turn, moves to amend its complaint to name the

correct Lyft insurer and to "update[] its allegations and claims" as to "Lyft's obligations

under the Alaska Statutes."[14]

Discussion

Pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, defendants first move

to dismiss plaintiff's claims against them on the ground that plaintiff lacks standing.  "Article

III standing is an essential ingredient of subject matter jurisdiction."  Perry v. Newsom, 18

F.4th 622, 630 (9th Cir. 2021).  "A Rule 12(b)(1) jurisdictional attack may be facial or

---

[10]Id. at 8, ¶ 22.

[11]Id. at 9, ¶ 26.

[12]Id. at 9, ¶ 30.

[13]Any reference herein to "defendants" refers only to these two defendants and does not include defendant Fernside.

[14]Motion to Amend at 2, Docket No. 27.

-3-

factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Circ. 2004). Here, defendants are making a facial attack. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).

Federal courts only have the power "to resolv[e] actual cases or controversies. That limitation is 'not relaxed in the declaratory judgment context.'" San Diego Cnty. Credit Union v. Citizens Equity First Credit Union, 60 F.4th 481, 490 (9th Cir. 2023) (quoting Gator.com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1129 (9th Cir. 2005) (en banc)). "The requirement that a case or controversy exist under the Declaratory Judgment Act is 'identical to Article III's constitutional case or controversy requirement.'" Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005) (quoting Amer. States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir 1994)). "For there to be such a case or controversy, it is not enough that the party invoking the power of the court have a keen interest in the issue. That party must also have standing[.]" Perry, 18 F.4th at 630 (citation omitted).

> The party seeking declaratory relief must demonstrate the three
> elements that comprise the "irreducible constitutional minimum
> of standing": (1) an "injury in fact" that is "concrete and particu-
> larized" and "actual or imminent, not conjectural or hypotheti-

-4-

cal" that is (2) "causal[ly] connect[ed]" and "fairly traceable" to "the conduct complained of" and "not the result of the independent action of some third party not before the court" and (3) "likely as opposed to merely speculative," such that "the injury will be redressed by a favorable decision."

San Diego Cnty. Credit Union, 60 F.4th at 491 (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992) (cleaned up)). "To have such standing, the plaintiff must have a personal stake in the outcome of each claim[.]" Id. (internal citations omitted). "'Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Id. at 492, n.4 (quoting MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007)).

Defendants argue that plaintiff has failed to plead that it has suffered an injury in fact. Defendants argue that plaintiff has failed to plead a personal, distinct injury to its legally protected interests. Defendants argue that the relief that plaintiff seeks, a declaration that they have an obligation to provide UM/UIM and medical payment coverage to Fernside, would only benefit Fernside. Defendants contend that in its first two claims for relief, plaintiff seeks a declaration as to its own obligations under its policy and that plaintiff's obligations under its policy have nothing to do with them. The same is true, according to defendants, as to plaintiff's third claim for relief which seeks a declaration that defendants have the sole duty to provide insurance coverage to Fernside. Defendants argue that whether coverage may exist under any policy that Lyft might have for its drivers in no way affects

-5-

plaintiff's obligations to Fernside under its policy and Alaska law. Thus, defendants argue that plaintiff has only alleged a controversy between itself and Fernside and has not alleged that there is an actual case or controversy between them and plaintiff.

Defendants' argument fails. The facts as alleged in plaintiff's complaint "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Id. at 484, n.4. There is a real dispute amongst the parties as to what, if any, insurance coverage (other than general liability for the operation of motor vehicles) should have been provided by Lyft for the benefit of Fernside. On its face, plaintiff's complaint establishes that there is a substantial controversy between plaintiff and Lyft and/or its insurer such that plaintiff and defendants have conflicting legal issues. And, there can be no dispute that this controversy is of sufficient immediacy to warrant declaratory relief.

But even if plaintiff has standing, which it does, defendants argue that plaintiff's claims against them should still be dismissed because plaintiff has failed to state plausible claims. This is a Rule 12(b)(6) argument. "'To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Zixiang Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678).

"The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully." Id. "'Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 678). "[T]he complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" In re Rigel Pharmaceuticals, Inc. Securities Litig., 697 F.3d 869, 875 (9th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "In evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff." Adams v. U.S. Forest Srvc., 671 F.3d 1138, 1142-43 (9th Cir. 2012). "However, the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations." In re Tracht Gut, LLC, 836 F.3d 1146, 1150 (9th Cir. 2016).

First, as to The Travelers, plaintiff now admits that it has learned that The Travelers did not provide insurance to Lyft during the relevant time period.[15] Because The Travelers was not Lyft's insurer at the relevant time, plaintiff cannot state plausible claims against The Travelers. Defendants' motion to dismiss as to The Travelers is granted, and plaintiff's claims against the Travelers are dismissed.

---

[15]Declaration of Christina A. Rankin at 2, ¶ 3, which is appended to Motion to Amend, Docket No. 27.

As for plaintiff's claims against Lyft, plaintiff's third claim for relief is not plausible because Lyft is not an insurer. Plaintiff is seeking a declaration compelling Lyft to provide UM/UIM and/or medical payments coverage to Fernside, but Lyft cannot provide coverage to Fernside as it is not an insurance company. See Triem v. State Farm Fire and Casualty Company, Case No. 3:21-cv-00710-MO, 2021 WL 5921371, at *3 (D. Or. Dec. 15, 2021) (holding claim against Lyft which sought "declaratory judgment that" Triem was "entitled to coverage from Defendant[] Lyft" implausible because "Lyft is the insured, not an insurance company and therefore does not provide insurance coverage").

Plaintiff's attempts to save its claims against Lyft fail. First, plaintiff argues that this case is distinguishable from Triem because it has alleged "that Lyft expressly stated" on its website "that it provided 'Uninsured/Underinsured motorist bodily injury and/or first-part coverage' and 'Contingent comprehensive & collision up to the actual cash value of the car, $2,500 deductible.'"[16] Plaintiff argues that if Lyft does not maintain such coverage, then Lyft made a misrepresentation on its website and this misrepresentation may directly impact whether plaintiff is liable to Fernside for UM/UIM and medical payments coverage. Plaintiff also argues that its claims against Lyft are plausible because it has alleged that Lyft is causing it monetary damages by not disclosing who its insurer is.

But, as defendants are quick to point out, plaintiff has not alleged in its complaint that Lyft made any misrepresentations. Moreover, any such misrepresentations would have been

---

[16]Plaintiff's Opposition to Motion to Dismiss [etc.] at 9, Docket No. 17.

made to Fernside, not plaintiff, which means that plaintiff would not have standing to pursue a claim for misrepresentation against Lyft.

Second, plaintiff seems to suggest that it has stated a plausible claim against Lyft based on AS 28.23.050.  AS 28.23.050(a) provides:

> A transportation network company driver, or transportation network company on behalf of the driver, shall maintain primary automobile insurance that recognizes that the driver is a transportation network company driver or otherwise uses a vehicle to transport passengers for compensation and that covers the driver while the driver is logged onto the digital network of a transportation network company or while the driver is engaged in a prearranged ride.

But, as defendants are quick to point out, nowhere in plaintiff's complaint is AS 28.23.050 ever mentioned.  Plaintiff did, in its first claim for relief, ask the court, in a roundabout way, to determine the priority of coverages provided by its policy and Lyft's policy.  But, given that plaintiff never mentioned AS 28.23.050, plaintiff's complaint cannot be fairly read as asserting a claim pursuant to AS 28.23.050.

Plaintiff's claims against Lyft, as currently pled, are implausible.  Defendants' motion to dismiss plaintiff's claims against Lyft is granted, and these claims are dismissed.

Turning then to plaintiff's motion to amend, plaintiff first moves to amend its complaint pursuant to Rule 15(a)(1)(B), which provides that "[a] party may amend its pleading once as a matter of course within ... 21 days after service of a motion under Rule 12(b)[.]" Fed. R. Civ. P. 15(a)(1)(B).  But, plaintiff's motion to amend was not filed within 21 days of defendants' motion to dismiss.  The motion to dismiss was filed on October 25,

-9-

2022, and the motion to amend was filed on December 13, 2022. Plaintiff's motion to amend

must be considered under Rule 15(a)(2), rather than Rule 15(a)(1)(B).

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when

justice so requires." "But a district court need not grant leave to amend where the

amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an

undue delay in litigation; or (4) is futile." AmerisourceBergen Corp. v. Dialysist West, Inc.,

465 F.3d 946, 951 (9th Cir. 2006).

Plaintiff seeks to amend its complaint to drop The Travelers as a defendant and add

Indian Harbor Insurance as a defendant because plaintiff has learned that Indian Harbor

Insurance is the insurer which provided coverage for Lyft during the relevant time.[17]

Plaintiff also seeks to add to paragraph 6 that it is seeking

> an adjudication by this [c]ourt determining whether Lyft is
> required under Alaska law to provide uninsured motorist
> coverage to cover injuries and damages allegedly sustained by
> Fernside. Allstate also seeks adjudication over whether Indian
> Harbor and/or Allstate provide coverage for injuries and
> damages allegedly sustained by Fernside, and the priorities of
> the coverages if both apply.[[18]]

In addition, plaintiff seeks to add one paragraph to its third claim for relief. That paragraph

reads:

---

[17]Rankin Declaration at 2, ¶ 3, which is appended to Motion to Amend Complaint, Docket No. 27.

[18]Proposed First Amended Complaint at 2-3, ¶ 6, Exhibit 1, Rankin Declaration, which is appended to Motion to Amend, Docket No. 27.

-10-

> AS 28.23.050 sets forth obligations related to insurance require-
> ments for "A transportation network company driver, or
> transportation network company on behalf of the driver"
> including "uninsured or underinsured motor vehicle coverage as
> required under AS 21.96.020 and AS 28.20.440.[19]

And, in connection with its proposed third claim for relief, plaintiff seeks a declaration that "Lyft and/or Indian Harbor has a duty to provide complete coverage to Fernside for uninsured motorist benefits and automobile medical payments coverage."[20]

Defendants agree that The Travelers should be dropped as a defendant, but they argue that plaintiff's motion to amend should otherwise be denied because plaintiff's proposed amendments would be futile. "An amended complaint is futile where [it] would be subject to dismissal under Rule 12(b)(6)." Carvajal v. Clark Cnty., 539 F.Supp.3d 1104, 1117 (D. Nev. 2021) (citation omitted).

Defendants contend that the only significant change that plaintiff has made in its proposed amended complaint is the addition of the one-paragraph reference to AS 28.23.050. But, defendants argue that this change does not fix the standing problem because plaintiff is still requesting that the court decide whether Lyft and/or Indian Harbor had a duty to provide insurance coverage to Fernside, a decision that will not impact plaintiff in any way.

---

[19]Id. at 9-10, ¶ 29.

[20]Id. at 10, ¶ 30.

-11-

Defendants' standing argument again fails. Plaintiff's proposed amended complaint plausibly alleges standing for the same reasons that the court found that plaintiff had plausibly alleged standing in its original complaint.

But even if plaintiff has plausibly alleged standing in the proposed amended complaint, which it has, defendants argue that plaintiff's motion to amend should still be denied because plaintiff has failed to state plausible claims against Indian Harbor and Lyft. As plaintiff has alleged, AS 28.23.050 requires a transportation company to provide "'uninsured or underinsured motor vehicle coverage as required under AS 21.96.020 and AS 28.20.440.'"[21] AS 21.96.020(c) requires that an insurer offering automobile liability insurance offer UM/UIM coverage as "prescribed in AS 28.20.440 and 28.20.445[.]" AS 28.20.440(b)(3) provides that an automobile policy of liability insurance must contain UM/UIM coverage and that "this coverage must comply with the provisions of AS 28.20.445." AS 28.20.445(e)(3) provides that UM/UIM coverage "may be rejected by the insured in writing; if the insured has rejected the coverage, the coverage shall not be included in any supplemental, renewal, or replacement policy unless the insured subsequently requests the coverage in writing[.]" Plaintiff's counsel avers that plaintiff was "provided ... a Declarations Page indicating that Lyft was insured by Indian Harbor Insurance."[22] This Declarations Page shows that Lyft declined "BOTH Bodily Injury Uninsured/Underinsured

---

[21]Id. at 9-10, ¶ 29.

[22]Rankin Declaration at 2, ¶ 3, which is appended to Motion to Amend, Docket No. 27.

Motorists Coverage AND Property Damage Uninsured/Underinsured Motorists Coverage."[23]

Defendants argue that because Lyft has properly rejected, in writing, UM/UIM coverage for its drivers, such as Fernside, plaintiff has no plausible basis for asking this court to decide that "Lyft and/or Indian Harbor has a duty to provide complete coverage to Fernside for uninsured motorist benefits and automobile medical payments coverage."[24]

Contrary to plaintiff's contention, this is not a summary judgment argument but is an argument that the court can consider when deciding whether amendment would be futile. The Declaration Page that is in evidence shows that Lyft had a policy with Indian Harbor with an effective date of 10/01/2020, and that Lyft had declined UM/UIM coverage, which Lyft could do under Alaska law. Because Lyft did not have UM/UIM coverage for its drivers, plaintiff's UM/UIM claims against Lyft and Indian Harbor in the proposed amended complaint are implausible. The proposed amendment of plaintiff's UM/UIM claims would thus be futile, and plaintiff's motion to amend as to these claims is denied.

But, plaintiff may be able to assert plausible medical payments coverage claims against Lyft and/or Indian Harbor. The proposed amendment as to these claims would not be futile, and plaintiff's motion to amend as to the medical payments claims is granted.

---

[23]Exhibit A at 4, Defendants Lyft, Inc. and the Travelers Indemnity Company's Partial Opposition to Allstate's Motion to Amend Complaint, Docket No. 30.

[24]Proposed Amended Complaint at 10, ¶ 30, Exhibit 1, Rankin Declaration, which is appended to Motion to Amend, Docket No. 27.

Conclusion

Defendants' motion to dismiss is granted. Plaintiff's claims against Lyft and The Travelers are dismissed.

Plaintiff's motion to amend is granted in part and denied in part. The motion is granted as to the dropping of The Travelers as a defendant and adding Indian Harbor Insurance as a defendant. The motion is also granted as to plaintiff's medical payment claims against Lyft and Indian Harbor. The motion is denied as to plaintiff's proposed amendment of its UM/UIM claims.

Because plaintiff's motion to amend is granted in part and denied in part, plaintiff cannot file the proposed amended complaint which is attached to its motion to amend. Plaintiff will have to file a different amended complaint, one that comports with this order. Plaintiff's amended complaint, should plaintiff elect to file one, shall be filed on or before April 17, 2023.

DATED at Anchorage, Alaska, this 27th day of March, 2023.

/s/ H. Russel Holland
United States District Judge

-14-